**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| GREENFIELDS PARTNERS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>MARCEL EDWARDS; EMI CAPITAL;<br>TYRONE PHIPPS; and RT CAPITAL, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <br><br><br><br>Case No. CIV-25-00666-JD |

**ORDER TO SHOW CAUSE**

Plaintiff Greenfields Partners, LLC ("Plaintiff") filed this action against Defendants Marcel Edwards, EMI Capital, Tyrone Phipps, and RT Capital, Inc. ("Defendants"). [Doc. No. 1]. Upon review of the Complaint, the Court finds insufficient allegations of subject-matter jurisdiction.

Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party," and the Court's inquiry may be raised "at any stage in the litigation." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506, 514 (2006); *see also DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006) (presuming "that federal courts lack jurisdiction unless the contrary appears affirmatively from the record," and the party asserting federal jurisdiction carries the burden of establishing the same).

A party seeking the exercise of jurisdiction in its favor "must allege in his pleading the facts essential to show jurisdiction." *Penteco Corp. Ltd. P'ship–1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991). Jurisdiction may not "be conferred by

consent, inaction or stipulation." *Id*. (remanding for failure of plaintiff to plead citizenship of each of its partners). "In order to invoke diversity jurisdiction, 'a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000.'" *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013) (quoting *Symes v. Harris*, 472 F.3d 754, 758 (10th Cir. 2006)). The citizenship of a partnership, limited-liability company, or other unincorporated association is determined by the citizenship of each member of the entity. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990); *see also Grynberg v. Kinder Morgan Energy Partners*, 805 F.3d 901, 905–06 (10th Cir. 2015); *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237–38 (10th Cir. 2015).

In its Complaint, Plaintiff states it is "a partnership formed in Oklahoma County, State of Oklahoma, and conducts business in Oklahoma County, State of Oklahoma." Compl. ¶ 1 [Doc. No. 1]. Plaintiff fails to sufficiently allege facts for the Court to determine the citizenship of the LLC, including the citizenship of each of its members.

Plaintiff further states that: 1) Defendant Marcel Edwards is a medical doctor who does business in New York, Kansas, and Oklahoma, and that he is the president and sole director of EMI Capital; 2) that Defendant EMI Capital is incorporated in Quebec, Canada; 3) that Defendant Tyrone Phipps is a director and shareholder of RT Capital, Inc.; and 4) that Defendant RT Capital, Inc., is incorporated in Quebec, Canada. *Id.* ¶¶ 2, 3, 4, and 5. These allegations do not establish Defendants' citizenship under long-standing Supreme Court and Tenth Circuit caselaw. There are no allegations of fact

identifying the citizenship of either Edwards or Phipps, nor does Plaintiff allege the principal place of business for EMI Capital or RT Capital, Inc.

The Court therefore **ORDERS** Plaintiff Greenfields Partners, LLC, to show cause within 14 days, or by **July 9, 2025**, why this case should not be dismissed for lack of subject-matter jurisdiction. If Plaintiff is unable to show cause, by July 9, 2025, Plaintiff may voluntarily dismiss the action without prejudice in compliance with Federal Rule of Civil Procedure 41. In the absence of a showing or other filing by Plaintiff, the Court will dismiss this action under 28 U.S.C. § 1332 and Fed. R. Civ. P. 12(h)(3).

IT IS SO ORDERED this 25th day of June 2025.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE